**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARLENE ROSARIO and CAMRY YOUNG,<br><br>Plaintiffs,<br><br>- v -<br><br>MY DEVICE, INC. d/b/a WHIZZ,<br><br>Defendant. | Civil Action No.: 24-cv-8701<br><br>**29 U.S.C. § 216(b)**<br>**COLLECTIVE ACTION &**<br>**FED. R. CIV. P. 23**<br>**CLASS ACTION**<br><br>**COMPLAINT**<br><br>*Jury Trial Demanded* |

Plaintiffs Marlene Rosario and Camry Young, by and through their undersigned attorneys, bring this Complaint against defendant My Device, Inc. d/b/a Whizz ("Whizz"), and allege as follows:

## INTRODUCTION

1. This is a putative collective and class action brought by Plaintiffs, on behalf of themselves and other employees similarly situated, against Whizz for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the New York Labor Law ("NYLL"); the New York Wage Theft Prevention Act ("WTPA"); Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981; and any other cognizable cause of action established upon the facts alleged, arising from Whizz's various willful and unlawful employment policies, patterns and practices.

2. Whizz has willfully, maliciously, and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay its employees, including Plaintiffs, both regular and overtime wages for each hour worked as prescribed by the FLSA and NYLL.

3. Plaintiffs allege pursuant to the FLSA that they are entitled to recover from Whizz: (a) unpaid wages and overtime wages; (b) liquidated damages; (c) prejudgment and post-judgment interest; and (d) attorneys' fees and costs.

4. Plaintiffs further allege that pursuant to NYLL § 650 *et seq.* they and similarly situated employees are entitled to recover from Whizz:

    a. unpaid wage and overtime wage compensation;

    b. liquidated damages equal to the sum of unpaid overtime wages in the amount of twenty five percent (25%) under NYLL 190 *et seq.* and NYLL 650 *et seq.*, and one hundred percent (100%) under the New York Wage Theft Prevention Act;

    c. nine percent (9%) simple prejudgment interest pursuant to the NYLL;

    d. post-judgment interest;

    e. attorneys' fees and costs; and

    f. such other and further relief as the Court finds necessary and proper.

5. Plaintiffs further allege that Whizz's conduct was motivated by racial animus, in violation of 42 U.S.C. § 1981, and that they and similarly situated employees are entitled to recover from Whizz:

    a. Compensatory damages;

    b. Punitive damages;

    c. Equitable and injunctive relief;

    d. Attorneys' fees and costs; and

    e. Such other and further relief as the Court finds necessary and proper.

## **JURISDICTION AND VENUE**

6. The Court has original jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331.

7. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part

of the same case or controversy.

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred there.

## PARTIES

9. Plaintiffs are residents of the State of New York and are employed as Office Leads of Whizz.

10. At all relevant times, Plaintiffs were "employees" of Defendant under all relevant statutes.

11. Whizz is a corporation registered in New York and permitted to do business in New York.

12. Whizz employed more than 14 employees throughout Plaintiffs' employment.

13. Whizz is an e-bike rental service conducting business in four New York locations: (1) 407 West 39th Street, New York, NY 10018, where it employs Young, (2) 206 East 116th Street, New York, NY, 10029, where it employs Rosario, (3) 745 Flushing Ave, Brooklyn, NY, 11206, and (4) 229 West 13th Street, New York, NY 10011, where it previously employed Young and Rosario before reassigning them to the above locations.

14. Whizz additionally conducts business at 498 Johnston Avenue, Jersey City, NJ, 07304 and 308 Market Street, Philadelphia, PA, 19106.

15. At all relevant times, Defendant was Plaintiffs' "employer" under all relevant statutes.

## FACTUAL BACKGROUND

16. Whizz hired Young in September 2022 and Rosario in August 2022, both as

Customer Service Representatives.

17. Plaintiffs were promoted to the position of Office Lead in February 2024.

18. Whizz routinely forced Plaintiffs and other similarly situated employees to "clock out" but stay on-site and continue working hours that they were never compensated for and that were not reflected in their pay stubs.

19. Whizz's owners constrained the amount of hourly labor that its store managers and supervisors could employ to staff its locations each week. Whizz understaffed its locations, setting labor budgets that were insufficient to allow its managers and supervisors to have enough staff to serve customers during all of its stores' normal hours of operation. Although Whizz's budgets were supposedly strict, it was aware that it was not budgeting enough labor for its stores, and that as a result, its supervisors and managers could only keep the stores operating by cajoling or coercing employees into working additional uncompensated hours. As a result, Whizz and its owners were aware of its employees working hours "off the clock" in order to complete all work.

20. Some stores were, for example, allocated a weekly budget permitting up to 40 hours of work by an Office Lead per week.

21. Office Leads (including Young and Rosario) were often required to work more than the budgeted number of hours, but Whizz did not pay them for the additional hours (beyond the budgeted hours) that they were required to work.

22. As an additional result of Whizz's chronic understaffing of its locations, Whizz purported to give Plaintiffs and other similarly situated employees a half-hour lunch break, but Whizz frequently required them to work through those lunch breaks in order to serve customers. Whizz nevertheless deducted the supposed "meal break" time from Plaintiffs' hours worked, and did not compensate them for their lunch breaks despite requiring Plaintiffs to work through those

lunch breaks.

23. Whizz also routinely issued wage statements to Plaintiffs and similarly situated employees listing fewer regular and overtime hours than those that were actually worked, failing to report all hours employees were required to work after clocking out, and during meal break periods where Plaintiffs were actually required to perform work, as well as inaccurately accounting for the accrual of earned and vested paid time off.

24. For the pay period of June 23, 2024 through June 29, 2024, for example, Young had approximately 84 hours of paid time off accrued but was issued a wage statement reflecting only 24.39 hours of accrued PTO.

25. Whizz's issuance of inaccurate wage statements falsely reported the number of hours worked by Plaintiffs and similarly situated employees, facilitating its non-payment of wages and overtime wages due, and preventing those employees from knowing whether and how much they had been underpaid.

26. Whizz thereby interfered with Plaintiffs' and similarly situated employees' ability to discover and address their underpayment.

27. Upon information and belief, Whizz's use of improper PTO tracking and other tactics was intended to discourage its already understaffed workforce from taking paid time off.

28. Whizz additionally withheld Plaintiffs' and other similarly situated employees' non-discretionary bonus payments, which were earned under their offer letters and employment agreements as long as they met certain sales goals.

29. Despite meeting those goals, Plaintiffs and similarly situated employees never received the full amount of the bonus payments that were due and payable.

30. For example, Whizz charged its customers "damage fees" when those customers

damaged e-bikes that they had rented from Whizz. Young was entitled to receive 10% of collected damage fees. During July of 2024, Young collected $2,316.33 in damage fees and was entitled to 10% of those collected fees based on company policy, but only received $115.82.

31. Whizz's ownership and upper management is comprised majorly of Caucasian employees.

32. Whizz had a practice of compensating new Caucasian employees at an hourly rate higher than that of new Black and Latino employees.

33. On at least 3 separate occasions, Whizz offered Caucasian employees over $20/hour for the same position where the African American or Latino employees with similar qualifications and experience were offered as little as $16/hour. African American or Latino employees who accepted Whizz's offer of employment were paid at the $16/hour rate while similarly qualified Caucasian employees received the higher $20/hour rate for the same work.

34. Young, who is Black, was paid $17/hour when she started, and Rosario, who is Hispanic, was paid $16/hour when she started.

35. Two similarly qualified Caucasian employees were compensated at $20/hour at the time despite having less related experience than Plaintiffs.

36. The differential in pay between the compensation of Young and Rosario, on the one hand, and the Caucasian employees, on the other hand, was not due to any legitimate business reason such as a difference in qualifications, output, productivity, or performance.

37. Whizz's preferential treatment of its Caucasian employees extended beyond this pay disparity.

38. Plaintiffs' complaints of safety issues at their location, including blocked walkways from piled-up bikes, were ignored while equivalent complaints raised at different

locations by Caucasian employees were promptly addressed.

39. As a result, Plaintiffs were forced to continue working in unsafe conditions without recourse.

40. Caucasian employees similarly enjoyed greater leniency from management regarding potential disciplinary action and evaluation of their performance.

## FLSA COLLECTIVE ACTION ALLEGATIONS

41. Plaintiffs seek to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on their own behalf as well as on behalf of those in the following "**Collective**" defined as:

> All hourly workers employed by Whizz from November 15, 2021, through the final date of disposition of this action, who did not receive payment for all hours worked or payment at the time-and-a-half rate for hours worked in excess of 40 hours in any workweek.

42. At all relevant times, Plaintiffs were similarly situated to all such individuals in the Collective because, while employed by Whizz, they performed similar tasks, were subject to the same laws and regulations, were paid in the same or substantially similar manner, were paid the same or similar rate, and were subject to Whizz's policies and practices of willfully failing to pay wages for all hours worked and wages at the time-and-a-half rate for all hours worked in excess of 40 hours per week.

43. Whizz is and has been aware of the requirement to pay Plaintiffs and the members of the proposed Collective their wages for all regular and overtime hours worked.

44. The Collective members are readily discernable and ascertainable. All Collective members' contact information is readily available in Whizz's records. Notice of this collective action can be made as soon as the Court determines it is appropriate to do so.

45. The members of the proposed Collective are too numerous to join in a single action, necessitating collective recognition.

46. All questions relating to Whizz's violation of the FLSA share a common factual basis as set forth herein. No claims under the FLSA relating to Whizz's failure to pay overtime wages or timely pay statutorily required wages are specific to Plaintiffs and the claims asserted by Plaintiffs are typical of those of members of the proposed Collective.

47. Plaintiffs will fairly and adequately represent the interests of the Collective and have no interests conflicting with members of the Collective.

48. A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

49. Plaintiffs' attorneys are familiar with and have experience with collective and class action litigation, as well as employment and labor law litigation.

50. The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by Collective members creates the risk of varying and inconsistent results based on identical fact patterns, as well as disposition of the Collective's interests without their knowledge or contribution.

51. The questions of law and fact are nearly identical for all Collective members and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims asserted on behalf of the proposed collective, Whizz's continued violations of the FLSA will undoubtedly continue.

### **FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS**

52. Plaintiffs seek to maintain this action as a class action pursuant to FED. R. CIV. P. 23, on behalf of those who, during the previous six (6) years, were subjected to Whizz's violations of the NYLL, the WTPA and the NYCRR.

The "**Classes**" which Plaintiffs seek to define includes:

> All hourly workers employed by Whizz from November 15, 2018 through the final date of disposition of this action, who did not receive payment for all hours worked or payment at the time-and-a-half rate for hours worked in excess of 40 hours in any workweek and were, as a result of such failure to pay overtime wages and such untimely payments, not provided with true and accurate Wage Statements and/or Wage Notices.
>
> All minority hourly workers employed by Whizz from November 15, 2020 through the final date of disposition of this action, earning less than $20/hour during the relevant time period.

53. The number of class members protected by the NYLL who have suffered under Defendant's violations of such statutes is believed to be in excess of forty (40) and thus are too numerous to join in a single action, necessitating class recognition.

54. All questions relating to Class's allegations under the NYLL, WTPA and NYCRR share a common factual basis with those raised by the claims of Plaintiff. No claims asserted herein under the NYLL and the WTPA are specific to Plaintiffs or any Class member and the claims of Plaintiffs are typical of those asserted by the proposed Class.

55. Plaintiffs will fairly and adequately represent the interests of all members of the proposed Class.

56. A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the Class's allegations that Whizz violated the NYLL and the WTPA.

57. The class members of the proposed Class are readily ascertainable. Contact information for all members of the proposed Class is readily available from Whizz since such information is likely to be contained in their personnel files. Notice of this class action can be provided by any means permissible under the FED. R. CIV. P. 23 requirements.

58. Plaintiffs assert these claims on their own behalf as well as on behalf of the Class.

59. Plaintiffs' attorneys are experienced in class action litigation as well as employment litigation.

60. Plaintiffs are able to fairly represent and properly protect the interests of the absent members of the proposed Class and have no interests conflicting with those of the Class.

61. The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual Class members creates a risk of varying results based on identical fact patterns as well as disposition of the Classes' interests without their knowledge or contribution.

62. Due to the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiffs' willingness to proceed against Whizz. The anonymity inherent in a class action suit further provides insulation against retaliation and/or undue stress and fear for the Class members' jobs and continued employment.

63. The questions of law and fact that are nearly identical for all class members make proceeding as a class action ideal. Without judicial resolution of the claims asserted on behalf of the proposed Class, continued violations of the NYLL and the WTPA will undoubtedly continue.

64. Whether Plaintiffs and the Class members were: (i) paid all of their earned and due wages and overtime wages; (ii) provided with true and accurate Wage Notices pursuant to the NYLL; and (iii) assigned lower rates of hourly compensation based upon their race are common questions which can readily be resolved through the class action process.

**AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF**
**The Fair Labor Standards Act, 29 U.S.C. § 206, Made by Plaintiffs on Behalf of All Collective Members**
**(Failure to Pay Wages and Overtime Wages)**

65. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

66. Whizz employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

67. Whizz is an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

68. Whizz was required to pay Plaintiffs and the Collective Action Members no less than 1.5 times the regular rate at which they were employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

69. At all relevant times, Whizz had a policy and practice of paying employees fewer overtime hours than those hours worked in excess of 40 hours per workweek.

70. Whizz was aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

71. Whizz has not made a good faith effort to comply with the FLSA with respect to Plaintiffs and the Collective Action Members' compensation.

**AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF**
**New York Labor Law § 650 (Failure to Pay Wages and Overtime Wages)**
**Brought on Behalf of Plaintiffs and the Rule 23 Class**

72. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

73. Under the Labor Law and supporting New York State Department of Labor Regulations, Whizz was required to pay Plaintiffs and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek.

74. Whizz failed to pay the Class Members overtime wages at the time-and-a-half rate to which they were entitled, violating N.Y. LAB LAW § 650 *et seq.* and Part 142, § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

75. Whizz was aware or should have been aware that the practices described in this Complaint were unlawful, making its violations willful or reckless.

76. Due to Whizz's Labor Law violations, Plaintiffs and the Class Members are entitled to recover from Whizz their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF**
**New York Labor Law § 195-1(d) (Failure to Provide Accurate Wage Statements)**
**Brought on Behalf of Plaintiffs and the Rule 23 Class**

77. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

78. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday.  NYLL § 195-1(d).

79. Whizz has failed to make a good faith effort to comply with the NYLL with respect to the compensation of Plaintiffs and members of the proposed Class, and did not provide the true and accurate paystub information on or after each payday to Plaintiffs and members of the Proposed Class.

80. Due to Whizz's violations of the NYLL, Plaintiffs are entitled to recover from Whizz, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff or Class member, together with costs and attorneys' fees pursuant to NYLL § 198 (1-d).

### AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, Made by Plaintiffs on Behalf of All Collective Members

81. Plaintiffs repeat and re-allege each allegation of the preceding paragraphs as if fully set forth here.

82. The aforementioned facts and circumstances demonstrate that Whizz discriminated against Plaintiffs and similarly situated non-Caucasian employees because of their race.

83. As a direct and proximate result of the unlawful employment practices of Defendant, Plaintiffs have suffered and continue to suffer damages, including lost earnings.

84. Accordingly, Defendant discriminated against Plaintiffs and similarly situated employees because of their race, in violation of their statutory rights as guaranteed by Section 1981 of the Civil Rights Act of 1866.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF
### New York Labor Law § 193 (Unlawful Deductions from Wages)
### Brought on Behalf of Plaintiffs and the Rule 23 Class

85. Plaintiffs repeat and re-allege each allegation of the preceding paragraphs as if fully set forth here.

86. Defendant withheld earned wages from Plaintiffs and similarly situated employees, including non-discretionary bonuses and meal break pay.

87. These withholdings constituted unlawful deductions under NYLL § 193.

88. Defendant's deductions of Plaintiffs' earned wages were willful and done in bad faith.

89. Accordingly, Plaintiffs and similarly situated employees are entitled to liquidated damages equal to 100% of the unpaid wages due and owing to them pursuant to NYLL § 198(1-a).

90. As a direct and proximate result of Defendant's breaches of the NYLL, Plaintiffs and similarly situated employees have been damaged in an amount to be determined at trial, and are entitled to an award of liquidated damages, attorney's fees, and prejudgment interest owed in connection with these violations.

## **RELIEF**

Plaintiffs Marlene Rosario and Camry Young demand judgment in their favor and against Defendant My Device, Inc. d/b/a Whizz as follows:

A. At the earliest possible time, Plaintiffs should be allowed to give notice of the purported Collective, or the Court should issue such notice, to all members of the purported Collective defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages and/or benefits;

B. Designation of Plaintiffs as representatives of the FLSA Collective defined herein, and Plaintiffs' counsel as Collective Counsel;

C. Designation of Plaintiffs as representatives of the Fed. R. Civ. P. 23 Class defined herein, and Plaintiffs' counsel as Class Counsel;

D. Certification of this action as a collective action pursuant to 29 U.S.C. § 216(b) for the purposes of the claims brought on behalf of all proposed FLSA Collective members under the FLSA;

  E. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 for the purposes of the claims brought on behalf of all proposed Class members under the NYLL and the WTPA;

  F. Preliminary and permanent injunctions against Whizz and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  G. A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law, and the WTPA;

  H. All damages which Plaintiffs and all Collective and Class members have sustained as a result of Whizz's conduct, including: (i) liquidated damages, penalties, and punitive damages subject to proof, (ii) costs and attorneys' fees, and (iii) interest;

  I. An award to Plaintiffs and all Collective and Class members of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

  J. An award to Plaintiffs and all Collective and Class Plaintiffs representing Whizz's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

  K. Awarding Plaintiffs and all Collective and Class members their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

  L. Pre-judgment and post-judgment interest, as provided by law; and

M. Granting Plaintiffs and all Collective and Class members such other and further relief as this Court finds necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs Marlene Rosario and Camry Young demand a trial by jury on all issues so triable of right.

Dated: November 15, 2024
    New York, New York

               */s/ Alex Rissmiller*
               Alex Rissmiller
               **Rissmiller PLLC**
               5 Pennsylvania Plaza, 19th Floor
               New York, NY 10001
               T: (646) 664-1412
               arissmiller@rissmiller.com

               */s/ Matthew L. Berman*
               Matthew L. Berman, Esq.
               **Valli Kane & Vagnini LLP**
               600 Old Country Road, Suite 519
               Garden City, New York 11530
               T: (516) 203-7180
               F: (516) 706-0248
               mberman@vkvlawyers.com

               *Attorneys for Plaintiffs*