So Ordered.

*LORNA G. SCHOFIELD*
*UNITED STATES DISTRICT JUDGE*

Dated: May 12, 2025
New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARLENE ROSARIO and CAMRY YOUNG,

    Plaintiffs,

v.

MY DEVICE, INC. d/b/a WHIZZ,

    Defendant.

Case No.: 1:24-cv-08701-LGS

**STIPULATION AND
PROTECTIVE ORDER**

    WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

    ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties and non-parties in connection with the pre-trial phase of this action:

    1.    Counsel for any party may designate any document or information, in whole or in part, as "Confidential Information" if counsel determines, in good faith, that such document or information contains: (i) trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the designating party or, as appropriate, non-party designating the material as Confidential Information, be detrimental to the conduct of that party's or non-party's business or the business of any of that party's or non-party's customers or clients; and/or (ii) information the disclosure of which would, in the good faith judgment of the designating party or, as appropriate, non-party designating the material as Confidential Information, be detrimental to such party or non-party, the conduct of that party's business or the business of any of that party's

business, employees, vendors, customers, or clients.

2. Testimony provided in depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen-day period, the deposition shall be classified appropriately. If no designation is made within fifteen (15) days, the testimony shall be deemed not Confidential Information. The designation of Confidential Information may be made on the record during the deposition rather than in a subsequent writing.

3. All Confidential Information will be held and used by the person receiving such information solely for use in connection with the action and for no other purpose.

4. A party receiving documents or information designated as Confidential Information may, at any time, notify the designating party that they do not agree with the designation as Confidential Information. If the designating party does not agree to declassify such document or information within seven (7) days of the written request, the receiving party shall have the burden of moving the Court within twenty (20) days of receipt of the designating party's refusal to de-designate such document or material for an Order seeking appropriate relief, or upon such other motion schedule as may be agreed by the parties after a dispute over a designation of Confidential Information is identified. The documents and information shall continue to be treated as Confidential Information pending resolution of any motion for an order seeking a determination regarding the appropriateness of the Confidential Information designation. Notwithstanding anything herein to the contrary, the designating party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information.

5. Except with the prior written consent of the designating party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   d. The Court (including a mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

   e. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer; and

   f. any other person agreed to by the Parties or so ordered by the Court.

6. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7. The disclosure of a document or information without designating it as

3

Confidential Information shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

11. A party or, as appropriate, non-party, who seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously been designated as comprising or containing Confidential Information, or (ii) any

pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information shall follow the individual rules of the Judge for whom the information is being submitted, as well as the relevant Local Civil Rules and ECF Rules & Instructions. Specifically, documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

12. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party with any shipping and or insurance costs to be borne by the producing party or, upon permission of the producing party, destroyed.

13. If a receiving party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the party from which the Confidential Information is sought shall (a) give written notice by overnight mail or facsimile and email to the counsel for the designating party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the designating party five (5) business days to object to the production of such Confidential Information, if the designating party so desires. Notwithstanding the foregoing, mothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

14. This Stipulation may be changed by further order of this Court and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

15. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

16. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

VALLI KANE & VAGNINI, LLP

By: /s/ Matthew L. Berman
      Matthew L. Berman
600 Old Country Rd., Suite 519
Garden City, New York 11530

**RISSMILLER PLLC**

By:   /s/ Alex Rissmiller
Alex Rissmiller
5 Pennsylvania Plaza, 19th Floor
New York, NY 10001
T: (646) 664-1412
arissmiller@rissmiller.com

*Attorneys for Plaintiffs*

McLAUGHLIN & STERN, LLP

By: /s/ Jason Giaimo
      Jason Giaimo
260 Madison Avenue
New York, New York 10016

*Attorneys for Defendant*

**SO STIPULATED AND ORDERED**

_____                Dated: _____
Hon. Lorna G. Schofield

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARLENE ROSARIO and CAMRY YOUNG,<br><br>Plaintiffs,<br><br>v.<br><br>MY DEVICE, INC. d/b/a WHIZZ,<br><br>Defendant. | Case No.: 1:24-cv-08701-LGS<br><br>**CONFIDENTIALITY AGREEMENT** |

1.    I, _____, acknowledge that I have read and understand the Stipulation and Protective Order (the "Protective Order") in this action governing the nondisclosure of those portions of discovery material that has been designated as Confidential Information.

2.    I agree that I will not disclose such Confidential Information to any other person; that I will not use such Confidential Information other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information.

3.    By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                              _____