**RISSMILLER** PLLC
EMPLOYMENT LAW FIRM

5 PENNSYLVANIA PLAZA, 19TH FLOOR
NEW YORK, NY 10001
TEL 646.664.1412
WWW.RISSMILLER.COM

**Alex Rissmiller**
arissmiller@rissmiller.com

July 21, 2025

**BY ECF**
The Honorable Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Defendants shall file any response -- not to exceed three pages -- by **July 24, 2025**.  So Ordered.

Dated: July 22, 2025
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:    Young v. My Device Inc., d/b/a Whizz; No. 24-cv-8701-LGS

Dear Judge Schofield:

Plaintiffs Marlene Rosario and Camry Young respectfully request a pre-motion conference to seek an order compelling Defendant My Device, Inc. d/b/a Whizz ("Whizz") to (1) produce timekeeping and payroll records for all non-exempt, hourly employees employed at its Manhattan retail stores from October 4, 2018, to the present and (2) serve complete, good-faith responses to Plaintiffs' First Requests for Admission. This discovery is essential for Plaintiffs to identify similarly situated individuals for their Fair Labor Standards Act ("FLSA") collective action and to meet their evidentiary burden for preliminary certification of their New York Labor Law ("NYLL") and 42 U.S.C. § 1981 class action claims under Federal Rule of Civil Procedure 23. As detailed below, these records are not merely relevant; they are essential for the Court to evaluate Plaintiffs' forthcoming motion for preliminary certification.

Before seeking the Court's intervention, we conferred with defense counsel by telephone as required by Your Honor's Individual Rule III.C.3, in a good-faith effort to resolve this dispute. Whizz refuses to produce the requested records for any employee other than the named Plaintiffs until after a collective or class has been certified, necessitating this letter. Its position demands proof of class-wide harm while withholding the only evidence capable of providing that proof, creating a "Catch-22" that compels us to seek judicial relief.

**Background**

Plaintiffs' Amended Complaint alleges that Whizz orchestrated a systemic, company-wide scheme to deprive hourly employees of their lawfully earned wages. This scheme was not limited to particular managers but was dictated by uniform, centralized policies from Whizz's corporate management: (i) forcing employees to work "off the clock" to meet strict, centrally-imposed "hourly budgets" (ECF No. 24 ¶¶ 17-24); (ii) automatically deducting 30-minute meal breaks from employees' pay even when they were required to work through those breaks (¶ 25); and (iii) concealing Whizz's wage theft via inaccurate wage statements (¶¶ 26-29).

Exacerbating this wage theft is a discriminatory pay structure whereby Whizz allegedly pays its Black and Latino employees, including Plaintiffs, substantially less than their Caucasian

Hon. Lorna G. Schofield
July 21, 2025

counterparts for substantially equal work (¶¶ 34-42). Plaintiffs' allegations concerning Whizz's common policies and practices justify payroll discovery beyond the two named Plaintiffs in this putative class and collective action.

## Plaintiffs need company-wide payroll and timekeeping records to certify their claims.

For their FLSA collective action, Plaintiffs must make a "modest factual showing" that potential opt-in plaintiffs are similarly situated. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). This requires evidence of a common policy or plan that violated the law — precisely what the requested records will show.

For their NYLL and § 1981 class claims under Federal Rule of Civil Procedure 23, the evidentiary burden is higher. Plaintiffs must show that questions of law or fact common to the class "predominate" over individual ones. Fed. R. Civ. P. 23(b)(3).

The payroll and timekeeping records are the anticipated source for the statistical and documentary evidence needed to generate "common answers" on a class-wide basis. For example, a comparative analysis of company-wide payroll data can establish whether a discriminatory pay pattern exists in violation of § 1981. Likewise, by comparing time records to payroll records for the entire class, Plaintiffs can prove the existence and uniform application of the alleged off-the-clock and meal break policies. Without this discovery, Plaintiffs likely cannot meet the demanding evidentiary burden of Rule 23.

## The weight of authority in this district favors pre-certification discovery.

Courts in this District consistently hold that discovery of putative collective members' information is appropriate before certification. Indeed, the "weight of authority in this district counsels in favor of allowing such disclosures in FLSA cases." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09-CV-1148, 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010). Courts frequently permit pre-certification discovery of the exact type of compensation and timekeeping records sought here because they are directly relevant to certification. *See Jackson v. Total Relocation Servs., LLC*, No. 23-CV-4118, 2024 WL 4850814, at *11 (S.D.N.Y. Nov. 21, 2024) (compelling production of "names, titles, compensation rates, last known mailing addresses, email addresses, all known telephone numbers ... and dates of employment of all covered employees"); *see also Hegazy v. Halal Guys, Inc.*, No. 22-CV-1880, 2023 WL 4405804, at *4 (S.D.N.Y. July 7, 2023) ("Courts frequently permit pre-certification discovery of similar compensation and hour documents on the basis that such materials are relevant to class certification of wage and hour claims.") (collecting cases).

## Whizz's boilerplate objections to producing payroll records are meritless.

Whizz objects to Plaintiffs' document requests on the grounds that "[a]bsent at least preliminary certification of a collective action under the FLSA or a class action under Rule 23, discovery demands directed toward the purported 'Opt-in Plaintiffs' are premature, improper, and overly broad." These boilerplate objections do not withstand scrutiny.

Hon. Lorna G. Schofield
July 21, 2025

Whizz's claim of undue burden is conclusory. A party objecting on burden grounds must make a specific, evidentiary showing of why discovery is disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Whizz has not provided such a showing. Indeed, Whizz's own production of equivalent pay records for the two named Plaintiffs demonstrates that it maintains payroll records through the electronic payroll system Gusto, and that they are readily accessible. The notion that producing the same data for the remaining hourly employees constitutes an undue burden is implausible. And any privacy concerns of non-party employees can be fully addressed by the stipulated protective order already in place (ECF No. 35). With that order in place, Plaintiffs' need for discovery to prosecute this wage and hour action outweighs the privacy interests of putative class members.

**Whizz should be compelled to update its responses to Plaintiffs' Requests for Admission.**

Whizz also provided evasive responses to Plaintiffs' First Requests for Admission (Exhibit 1) in violation of Federal Rule of Civil Procedure 36. For example, Whizz refused to admit or deny whether Plaintiffs made safety complaints (RFA #51), objecting that the common term "complaints" is "vague and ambiguous" and "undefined." Such an objection serves only to avoid a substantive admission on a key factual issue. This is not an isolated incident; Whizz similarly objected to the terms "payroll systems" and "time tracking systems" as undefined (RFAs #27-30), despite its documented use of the Gusto payroll system. Defendants were similarly evasive in their responses to RFAs 31-41, 46-50. An evasive or incomplete answer must be treated as a failure to respond. Fed. R. Civ. P. 37(a)(4).

Whizz even refuses to admit the authenticity of its own business records (RFAs #1-6), which it produced from its own files. Whizz's response forces Plaintiffs to waste time and resources proving foundational facts that are not in genuine dispute, directly contravening the purpose of Rule 36. These objections appear to be part of a broader strategy to delay and obstruct, which warrants an order compelling proper, amended responses.

**Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant a pre-motion conference and, thereafter, enter an order compelling Whizz to (i) produce the requested timekeeping and payroll records for all non-exempt, hourly employees for the period from October 4, 2018, to the present, in a searchable electronic format, and (ii) serve amended, good-faith responses to Plaintiffs' First Requests for Admission.

Respectfully submitted,

*/s/ Alex Rissmiller*
Alex Rissmiller

/s/ *Matthew L. Berman*
Matthew L. Berman

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARLENE ROSARIO and CAMRY YOUNG,<br><br>        Plaintiffs,<br><br>  v.<br><br>MY DEVICE, INC. d/b/a WHIZZ,<br><br>        Defendant. | Case No.: 1:24-cv-08701-LGS<br><br>**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR ADMISSION** |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Rules for the Southern District of New York, Defendant My Device, Inc. d/b/a Whizz ("Defendant"), by and through its undersigned counsel, hereby respectfully provides the following objections and responses (collectively, the "Response") to Plaintiffs' First Request for Admission dated June 4, 2025 (the "Requests").

## GENERAL OBJECTIONS

1.    Defendant objects to the Requests to the extent they improperly seek admission of disputed facts and/or assume or require conclusions of law. The purpose of a notice to admit under Fed. R. Civ. P. 36 is to eliminate from contention factual matters that will not be in dispute at trial.

2.    Defendant objects to the Requests to the extent that they seek a legal conclusion or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. The disclosure of any document and/or information that is or may be subject to any of the foregoing protections from disclosure is inadvertent and shall not constitute a waiver by Defendant of any such privilege or immunity or of any rights that Defendant may have to object to the use of any such document or the information contained therein.

1

3.      Defendant objects to the Requests to the extent that they are overbroad, vague, ambiguous, and unduly burdensome.

4.      Defendant objects to the Requests to the extent that they purport to require the disclosure of any document and/or information already in possession of and/or known to Plaintiffs, or which is otherwise available, as the disclosure of such document or information would be unduly burdensome and unnecessary.

5.      Defendant objects to the Requests to the extent that they purport to require the disclosure of any document/or information without limitation as to date or seek the disclosure of any document and/or information that relates to time periods outside the time period relevant to the claims and defenses asserted in this action.

6.      Defendant objects to the Requests to the extent that they purport to require the disclosure of any document and/or information which is not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence.

7.      Defendant objects to the Requests to the extent that they purport to require production of any document and/or information which is confidential.  To the extent the Requests are not otherwise objectionable, Defendant will consider providing such documents and/or information pursuant to the terms of an appropriate confidentiality stipulation.

8.      Defendant objects to the Requests to the extent they purport to require Defendant to search for electronically stored information without agreement of the parties.

9.      Defendant is responding to the Requests without waiving, or intending to waive, but on the contrary preserving, and intending to preserve: (a) the right to object, on the grounds of competency, privilege, relevancy, materiality, confidentiality, authenticity, admissibility or any other proper grounds, to use the materials produced by Defendant as evidence for any purpose, in

whole or in part, in any subsequent proceeding, or in any trial in this or any other action, and (b) the right to object on any and all grounds, at any time, to other Requests involving or relating to the subject of the Requests to which Defendant has responded herein.

10.     Defendant reserves all rights to amend, clarify, revise and/or supplement its Response and to provide relevant information and/or to assert additional objections as may be appropriate.

11.     Defendant reserves all rights to utilize evidence at the time of trial, not previously furnished during discovery, to the extent permitted by the applicable rules of evidence.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without waiving the foregoing General Objections, Defendant responds to the Requests and otherwise specifically objects to the Requests as follows:

**Request #1**. Admit that the documents produced by Defendant in this matter, bates stamped as DEF001-656, are true and correct copies of the genuine original documents.

**RESPONSE:** Defendant objects to this Request as overbroad and unduly burdensome to the extent it groups together 656 documents for which Plaintiffs request admissions with respect to each particular document.  Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows: Denied in part. Certain documents within the bates range of DEF001-656 are not documents prepared by Defendant and, as such, Defendant cannot confirm whether they are "true and correct copies of the genuine original documents."  Defendant produced the documents bearing bates numbers DEF001-656 as they were kept in the ordinary course of Defendant's business.

**Request #2**. Admit that the documents produced by Defendant in this matter, bates stamped as DEF001-656, were made at or near the time of the regularly conducted activity to which the documents pertain.

**RESPONSE:**  Defendant objects to this Request as overbroad and unduly burdensome to the extent it groups together 656 documents for which Plaintiffs request admissions with respect to each particular document.  Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows:  Denied in part.  Certain documents within the bates range of DEF001-656 are not documents prepared by Defendant or were not prepared in the regular course of Defendant's business operations, including: DEF001-50, DEF001-50, DEF52, DEF56, DEF59-61, DEF90-91, DEF657-660.

**Request #3**. Admit that the documents produced by Defendant in this matter, bates stamped as DEF001-656 were made by a person with knowledge of the activity to which the documents pertain or were made from information transmitted by a person with knowledge of the activity to which the documents pertain.

**RESPONSE:**  Defendant objects to this Request as overbroad and unduly burdensome to the extent it groups together 656 documents for which Plaintiffs request admissions with respect to each particular document.  Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows:  Denied in part.  Certain documents within the bates range of DEF001-656 are not documents prepared by Defendant or were not prepared in the regular course of Defendant's business operations and, as such, Defendant cannot confirm whether such document was made by a person with knowledge of the activity to which the documents pertain or were made from information transmitted by a person with knowledge of the activity to which

the documents pertain, including: DEF001-50, DEF001-50, DEF52, DEF56, DEF59-61, DEF90-91, DEF657-660.

**Request #4**. Admit that the documents produced by Defendant in this matter, bates stamped as DEF001-656 were prepared and kept by Defendant in the course of regularly conducted activity of a business, organization, occupation or calling.

**RESPONSE:** Defendant objects to this Request as overbroad and unduly burdensome to the extent it groups together 656 documents for which Plaintiffs request admissions with respect to each particular document. Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows: Denied in part. The documents bates stamped as DEF001-656 were produced by Defendant as they were kept in the ordinary course of its business. As set forth in Response to Requests #1-3, certain documents within the bates range DEF001-656 were not "prepared" by Defendant, including: DEF001-50, DEF001-50, DEF52, DEF56, DEF59-61, DEF90-91, DEF657-660.

**Request #5**. Admit that the documents produced by Defendant in this matter, bates stamped as DEF001-656 were made in the regular practice of the activity to which the documents pertain.

**RESPONSE:** Defendant objects to this Request as overbroad and unduly burdensome to the extent it groups together 656 documents for which Plaintiffs request admissions with respect to each particular document. Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows: Denied in part. Certain documents within the bates range of DEF001-656 are not documents "made in the regular practice" of Defendant's business, including: DEF001-50, DEF001-50, DEF52, DEF56, DEF59-61, DEF90-91, DEF657-660.

**Request #6**. Admit that all foundational requirements for the admission of the documents produced by Defendant in this matter, bates stamped as DEF001-656, have been satisfied.

**RESPONSE:** Defendant objects to this Request as overbroad and unduly burdensome to the extent it groups together 656 documents for which Plaintiffs request admissions with respect to each particular document. Defendant further objects to this Request to the extent it calls for a legal conclusion. Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows: Deny.

**Request #7**. Admit that Defendant was an "employer" of both Marlene Rosario and Camry Young (collectively, "Plaintiffs") as that term is defined in section 203 of the Fair Labor Standards Act ("FLSA," 29 U.S.C. § 201 *et seq*.).

**RESPONSE:** Defendants object to this Request as it impermissibly seeks a legal conclusion. Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows: Admit.

**Request #8**. Admit that Defendant was an "employer" of Plaintiffs as that term is defined in section 190 of the New York Labor Law ("NYLL").

**RESPONSE:** Defendants object to this Request as it impermissibly seeks a legal conclusion. Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows: Admit.

**Request #9**. Admit that Defendant engaged in trade, commerce, transportation, transmission, or communication among the several states, or between any state and any place outside thereof.

**RESPONSE:** Defendants object to this Request as it impermissibly seeks a legal conclusion. Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows: Admit.

**Request #10**. Admit that Plaintiffs were non-exempt employees under the FLSA and that, pursuant to the FLSA, Defendant was required to pay Plaintiffs and those similarly situated 1.5 times their regular rate of payment for every hour in excess of forty (40) worked per week as overtime.

**RESPONSE:** Defendants object to this Request as it impermissibly seeks a legal conclusion. Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows: Admit.

**Request #11**. Admit that Defendant hired Camry Young as a Customer Service Representative in September 2022.

**RESPONSE:** Admit.

**Request #12**. Admit that Defendant hired Marlene Rosario as a Customer Service Representative in August 2022.

**RESPONSE:** Admit.

**Request #13**. Admit that Defendant promoted Camry Young to Office Lead in February 2024.

**RESPONSE:** Admit.

**Request #14**. Admit that Defendant promoted Marlene Rosario to Office Lead in February 2024.

**RESPONSE:** Admit.

**Request #15**. Admit that during the workweek of June 23 through June 29, 2024, Camry Young worked in excess of 40 hours that week.

**RESPONSE:** Defendant objects to this Request in that it impermissibly seeks a legal conclusion or otherwise seeks an admission as to matters which are in genuine dispute. Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows: Deny.

**Request #16**. Admit that Camry Young was paid for 39.9 hours for the workweek of June 23 through June 29, 2024.

**RESPONSE:** Admit.

**Request #17**. Admit that during the workweek of December 8 through December 14, 2024, Marlene Rosario worked more than 40 hours.

**RESPONSE:** Defendant objects to this Request in that it impermissibly seeks a legal conclusion or otherwise seeks an admission as to matters which are in genuine dispute. Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows: Deny.

**Request #18**. Admit that during the workweek of December 8 through December 14, 2024, Defendant deducted a half hour of time each workday from Marlene Rosario's total hours, representing a meal break.

**RESPONSE:** Defendant objects to this Request in that it impermissibly seeks a legal conclusion or otherwise seeks an admission as to matters which are in genuine dispute. Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows: Denied in part. During the workweek of December 8 through December 14, 2024, Defendant deducted a

half hour of time each workday from Marlene Rosario's total hours because Marlene Rosario received a completely uninterrupted 30-minute meal break on each such workday.

**Request #19**. Admit that during the workweek of December 8 through December 14, 2024, Defendant did not pay Marlene Rosario for any of the time that it attributed to daily meal breaks.

**RESPONSE:** Defendant objects to this Request in that it impermissibly seeks a legal conclusion or otherwise seeks an admission as to matters which are in genuine dispute.  Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows: Denied in part.  During the workweek of December 8 through December 14, 2024, Defendant deducted a half hour of time each workday from Marlene Rosario's total hours because Marlene Rosario received a completely uninterrupted 30-minute meal break on each such workday.

**Request #20**. Admit that during the workweek of December 22 through December 28, 2024, Marlene Rosario worked more than 40 hours.

**RESPONSE:** Defendant objects to this Request in that it impermissibly seeks a legal conclusion or otherwise seeks an admission as to matters which are in genuine dispute.  Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows: Deny.

**Request #21**. Admit that during the workweek of December 22 through December 28, 2024, Defendant did not pay Marlene Rosario for any of the time that it attributed to daily meal breaks.

**RESPONSE:** Defendant objects to this Request in that it impermissibly seeks a legal conclusion or otherwise seeks an admission as to matters which are in genuine dispute.  Subject to and without

waiving the foregoing objections and General Objections, Defendant responds as follows: Denied in part. Defendant admits that during the workweek of December 22 through December 28, 2024, Defendant deducted a half hour of time each workday from Marlene Rosario's total hours because Marlene Rosario received a completely uninterrupted 30-minute meal break on each such workday.

**Request #22**. Admit that Defendant required its store managers to limit weekly labor expenditures for Defendant's stores.

**RESPONSE:** Defendant objects to this Request as vague and ambiguous to the extent it relies upon the phrase "weekly labor expenditures." Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows: Deny.

**Request #23**. Admit that Customer Service Representatives were required to be present on the sales floor of the store where they worked while customers were present.

**RESPONSE:** Defendant objects to this Request as overbroad and unduly burdensome to the extent it is not limited in scope. Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows: Deny. Customer Service Representatives were encouraged to be present on the sales floor of the store where they worked while customers were present, unless the Customer Service Representative was performing another aspect of their principal job duties that required that they be somewhere other than the sales floor.

**Request #24**. Admit that Office Leads were required to be present on the sales floor of the store where they worked while customers were present.

**RESPONSE:** Defendant objects to this Request as overbroad and unduly burdensome to the extent it is not limited in scope. Subject to and without waiving the foregoing objections and General

Objections, Defendant responds as follows: Deny.  Office Leads were encouraged to be present on the sales floor of the store where they worked while customers were present, unless the Office Lead was performing another aspect of their principal job duties that required that they be somewhere other than the sales floor.

**Request #25**. Admit that Defendant deducted 30 minutes per day from each Customer Service Representative's hours worked, representing a meal break.

**RESPONSE:** Defendant objects to this Request as overbroad and unduly burdensome to the extent it is not limited in scope.  Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows: Denied in part.  Defendant deducted 30 minutes per day from each Customer Service Representative's hours worked to the extent such employee received a completely uninterrupted 30-minute meal break.

**Request #26**. Admit that Defendant deducted 30 minutes per day from each Office Lead's hours worked, representing a meal break.

**RESPONSE:** Defendant objects to this Request as overbroad and unduly burdensome to the extent it is not limited in scope.  Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows: Denied in part.  Defendant deducted 30 minutes per day from each Office Lead's hours worked to the extent such employee received a completely uninterrupted 30-minute meal break.

**Request #27**. Admit that Defendant used the same time tracking systems for each of its Customer Service Representatives.

**RESPONSE:** Defendant objects to this Request as vague and ambiguous to the extent it relies upon the term "time tracking systems," which is undefined.   As a result, Defendant lacks knowledge sufficient to admit or deny this Request.

**Request #28**. Admit that Defendant used the same time tracking systems for each of its Office Leads.

**RESPONSE:** Defendant objects to this Request as vague and ambiguous to the extent it relies upon the term "time tracking systems," which is undefined.   As a result, Defendant lacks knowledge sufficient to admit or deny this Request.

**Request #29**. Admit that Defendant used the same payroll systems for each of its Customer Service Representatives.

**RESPONSE:** Defendant objects to this Request as vague and ambiguous to the extent it relies upon the term "payroll systems," which is undefined. As a result, Defendant lacks knowledge sufficient to admit or deny this Request.

**Request #30**. Admit that Defendant used the same payroll systems for each of its Office Leads.

**RESPONSE:** Defendant objects to this Request as vague and ambiguous to the extent it relies upon the term "payroll systems," which is undefined.   As a result, Defendant lacks knowledge sufficient to admit or deny this Request.

**Request #31**. Admit that Defendant's Paid Time Off policies, practices and procedures applied to all Customer Service Representatives.

**RESPONSE:** Defendant objects to this Request as vague and ambiguous to the extent it relies upon the term "Paid Time Off, " which is undefined.  As a result, Defendant lacks knowledge sufficient to admit or deny this Request.

**Request #32**. Admit that Defendant's Paid Time Off policies, practices and procedures apply to all Office Leads.

**RESPONSE:** Defendant objects to this Request as vague and ambiguous to the extent it relies upon the term "Paid Time Off, " which is undefined. As a result, Defendant lacks knowledge sufficient to admit or deny this Request.

**Request #33**. Admit that Defendant agreed to pay all of its Customer Service Representatives additional, non-discretionary compensation (including but not limited to damage fees), beyond their hourly wage.

**RESPONSE:** Defendant objects to this Request as vague and ambiguous as it does not identify under what circumstances Defendant purportedly agreed to pay "all of its Customer Service Representatives additional, non-discovery compensation."   As a result, Defendant lacks knowledge sufficient to admit or deny this Request.

**Request #34**. Admit that Defendant agreed to pay all of its Office Leads additional, non-discretionary compensation (including but not limited to damage fees), beyond their hourly wage.

**RESPONSE:** Defendant objects to this Request as vague and ambiguous as it does not identify under what circumstances Defendant purportedly agreed to pay "all of its Office Leads additional,

non-discovery compensation." As a result, Defendant lacks knowledge sufficient to admit or deny this Request.

**Request #35**. Admit that Defendant did not pay all of its Customer Service Representatives the identical hourly rate of pay.

**RESPONSE:** Defendant objects to this Request as vague and confusing as it is unclear whether Plaintiffs' request is limited to the compensation of Customer Service Representatives in comparison to one another on a year-to-year basis or is otherwise limited to a comparison of Customer Service Representatives with the same level of experience and years of employment with Defendant. As a result, Defendant lacks knowledge sufficient to admit or deny this Request.

**Request #36**. Admit that Defendant did not pay all of its Office Leads the identical hourly rate of pay.

**RESPONSE:** Defendant objects to this Request as vague and confusing as it is unclear whether Plaintiffs' request is limited to the compensation of Office Leads in comparison to one another on a year-to-year basis or is otherwise limited to a comparison of Office Leads with the same level of experience and years of employment with Defendant. As a result, Defendant lacks knowledge sufficient to admit or deny this Request.

**Request #37**. Admit that all of Defendant's Customer Service Representatives perform substantially similar job duties and responsibilities.

**RESPONSE:** Defendant objects to this Request as vague and ambiguous to the extent it relies upon the term "substantially similar," which is undefined. Defendant further objects to this Request to the extent it calls for a legal conclusion.

**Request #38**. Admit that all of Defendant's Office Leads perform substantially similar job duties and responsibilities.

**RESPONSE:** Defendant objects to this Request as vague and ambiguous to the extent it relies upon the term "substantially similar," which is undefined. Defendant further objects to this Request to the extent it calls for a legal conclusion.

**Request #39**. Admit that Camry Young collected $2,316.33 in damage fees during July 2024.

**RESPONSE:** Defendant objects to this Request as vague and ambiguous to the extent it relies upon the term "damage fees," which is undefined. As a result, Defendant lacks knowledge sufficient to admit or deny this Request.

**Request #40**. Admit that Defendant agreed to pay Camry Young 10% of the damage fees that she collected.

**RESPONSE:** Defendant objects to this Request as vague and ambiguous to the extent it relies upon the term "damage fees," which is undefined. As a result, Defendant lacks knowledge sufficient to admit or deny this Request.

**Request #41**. Admit that Defendant paid Camry Young $115.82 for damage fees that she collected in July 2024.

**RESPONSE:** Defendant objects to this Request as vague and ambiguous to the extent it relies upon the term "damage fees," which is undefined.  As a result, Defendant lacks knowledge sufficient to admit or deny this Request.

**Request #42**. Admit that Camry Young's hourly rate was $17/hour when she was hired.

**RESPONSE:** Admit.

**Request #43**. Admit that Marlene Rosario's hourly rate was $16/hour when she was hired.

**RESPONSE:** Admit.

**Request #44**. Admit that Camry Young is black.

**RESPONSE:** Defendant lacks knowledge sufficient to admit or deny this Request.

**Request #45**. Admit that Marlene Rosario is Hispanic.

**RESPONSE:** Defendant lacks knowledge sufficient to admit or deny this Request.

**Request #46**. Admit that Defendant paid other Customer Service Representatives more than $17/hour when Camry Young was a Customer Service Representative.

**RESPONSE:** Denied in part.  Defendant's Customer Service Representatives' compensation is determined by reference to a number of factors, including, among other things, the date of such individual's hire and the relevant experience of such individual.

**Request #47**. Admit that during the time period when Camry Young was a Customer Service Representative, Defendant had other Customer Service Representatives who were not black and who were paid more than Camry Young.

16

**RESPONSE:** Defendant objects to this Request to the extent it assumes facts not in evidence. Subject to and without waiver of Defendant's objections and General Objections, Defendant states as follows: Denied in part.  Defendant's Customer Service Representatives' compensation is determined by reference to a number of factors, including, among other things, the date of such individual's hire and the relevant experience of such individual.

**Request #48**. Admit that during the time period when Marlene Rosario was a Customer Service Representative, Defendant had other Customer Service Representatives who were not Hispanic and who were paid more than Marlene Rosario.

**RESPONSE:** Defendant objects to this Request to the extent it assumes facts not in evidence. Subject to and without waiver of Defendant's objections and General Objections, Defendant states as follows: Denied in part.  Defendant's Customer Service Representatives' compensation is determined by reference to a number of factors, including, among other things, the date of such individual's hire and the relevant experience of such individual.

**Request #49**. Admit that during the time period when Camry Young was a Customer Service Representative, Defendant had other non-black Customer Service Representatives who were paid more than $20/hour.

**RESPONSE:** Defendant objects to this Request to the extent it assumes facts not in evidence. Subject to and without waiver of Defendant's objections and General Objections, Defendant states as follows: Denied in part.  Defendant's Customer Service Representatives' compensation is determined by reference to a number of factors, including, among other things, the date of such individual's hire and the relevant experience of such individual.

**Request #50**. Admit that during the time period when Marlene Rosario was a Customer Service Representative, Defendant had other non-hispanic Customer Service Representatives who were paid more than $20/hour.

**RESPONSE:** Defendant objects to this Request to the extent it assumes facts not in evidence. Subject to and without waiver of Defendant's objections and General Objections, Defendant states as follows: Denied in part.  Defendant's Customer Service Representatives' compensation is determined by reference to a number of factors, including, among other things, the date of such individual's hire and the relevant experience of such individual.

**Request #51**. Admit that Plaintiffs made complaints about blocked walkways from piled-up bikes.

**RESPONSE:** Defendant objects to this Request as vague and ambiguous to the extent it relies upon the term "complaints," which is undefined.  As a result, Defendant lacks knowledge or information sufficient to admit or deny this Request.

**Request #52**. Admit that Defendant did not pay Plaintiffs for any hours that Defendant categorized as meal breaks.

**RESPONSE**: Defendant objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request to the extent it seeks admission of disputed facts.  Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows: Denied in part.  Defendant did not compensate Plaintiffs for 30-minute meal breaks when Plaintiffs received completely uninterrupted 30-minute meal breaks.

**Request #53**. Admit that at least 40 unique individuals were employed by Defendant as either Customer Service Representatives or Office Leads during the Relevant Time Period, at Defendant's locations within the State of New York.

**RESPONSE**: Admit.

**Request #54**. Admit that Defendant terminated Camry Young's employment on a date later than the date upon which this lawsuit was filed.

**RESPONSE**: Denied in part. Defendant terminated Camry Young's employment after commencement of this lawsuit as result of Camry Young's repeated and continuous violations of Defendant's company policies.

**Request #55**. Admit that Defendant terminated Marlene Rosario's employment on a date later than the date upon which this lawsuit was filed.

**RESPONSE:** Denied in part. Defendant terminated Marlene Rosario's employment after commencement of this lawsuit as result of Marlene Rosario's repeated and continuous violations of Defendant's company policies, including theft of company property.

**Request #56**. Admit that Defendant required Marlene Rosario to consent to an "at will employment, confidential information assignment, and arbitration agreement" on a date later than the date upon which this lawsuit was filed.

**RESPONSE**: Denied in part. Defendant and Marlene Rosario entered into Employee Agreement for Job Promotion dated February 12, 2024 in connection with Defendant's promotion of Marlene Rosario from Customer Service Representative to Office Lead.

**Request #57**. Admit that Defendant had no present intention of terminating Camry Young's employment on the date that this lawsuit was filed.

**RESPONSE**: Defendant objects to this Request to the extent it relies upon the term "present intention," which is undefined.  Subject to and without waiving the foregoing objections and General Objections, Defendant states as follows: Denied in part.  Defendant issued numerous written warnings to Camry Young regarding her violation of company policies prior to the commencement of this lawsuit and warned her that if she continued to violate such policies, she would be subject to further discipline including possible termination.

**Request #58**. Admit that Defendant had no present intention of terminating Marlene Rosario's employment on the date that this lawsuit was filed.

**RESPONSE**: Defendant objects to this Request to the extent it relies upon the term "present intention," which is undefined.  Subject to and without waiving the foregoing objections and General Objections, Defendant states as follows: Denied in part.  Defendant issued numerous written warnings to Marlene Rosario regarding her violation of company policies prior to the commencement of this lawsuit and warned her that if she continued to violate such policies, she would be subject to further discipline including possible termination.

**Request #59**. Admit that Defendant maintains contact information for all members of the putative class(es) and putative collective(s) identified in the Amended Complaint in this action.

**RESPONSE**: Defendant objects to this Request to the extent it assumes that a class or collective is appropriate in this litigation, which Defendant vehemently disputes.  Subject to and without waiving the foregoing, Defendant states as follows: Admit.

**Request #60**. Admit that during her employment by Defendant, Camry Young complained that Defendant had failed to pay her for hours worked in excess of 40 hours per workweek (including, without limitation, for work that Camry Young alleged she performed off-the-clock, during her designated meal breaks and at the end of her shifts, after she had clocked out for the workday).

**RESPONSE**: Defendant objects to this Request as vague and ambiguous to the extent it relies upon the term "complained," which is undefined.  Subject to and without waiving the foregoing, Defendant states as follows: Denied in part. Camry Young alleged that she worked in excess of 40 hours without compensation for all hours worked, which Defendant reviewed and determined to be inaccurate. Camry Young was paid for all hours worked.

**Request #61**. Admit that the agreement described in Request 56, above, purported to require plaintiff Rosario to pay half of all arbitration costs, while simultaneously failing to disclose that, pursuant to the applicable rules of the American Arbitration Association, plaintiff Rosario could only be charged a $400 filing fee for initiating arbitration.

**RESPONSE**: Defendant objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request to the extent it purports to require Defendant to admit or deny the terms of an agreement.  Defendant refers Plaintiffs to the terms of the Employee Agreement for Job Promotion dated April 12, 2024 for its full and complete contents.

Dated:  New York, New York
        July 2, 2025

McLAUGHLIN & STERN, LLP


By: */s/ Jason S. Giaimo*
        Jason S. Giaimo
        Brett R. Gallaway
260 Madison Avenue
New York, New York 10016
Tel.: (212) 448-1100
jgiaimo@mclaughlinstern.com
bgallaway@mclaughlinstern.com
*Attorneys for Defendant*