UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROSARIO, *et al.*,

                              Plaintiffs,

                -against-

MY DEVICE, INC. D/B/A WHIZZ,

                              Defendant.
-------------------------------------------------------------------X

**ORDER**

**24-CV-08701 (LGS) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On May 15, 2026, Defendant My Device, Inc. ("Defendant") filed a motion to serve a subpoena to testify at a deposition on third party Geryolph Concepcion Thamar ("Thamar"), through alternative means pursuant to Rule 45 of the Federal Rules of Civil Procedure. Dkt. No. 71. For the reasons stated more fully below, Defendant's motion is **GRANTED**.

## BACKGROUND

The complaint alleges unlawful employment policies, patterns, and practices by the Defendant in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; New York Wage Theft Prevention Act ("WTPA"); Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981; and New York Labor Law ("NYLL"). Dkt. No. 26, ¶ 1 ("Compl."). Defendant asserts that after the lawsuit was filed, Plaintiff Marlene Rosario ("Rosario") was terminated for allegedly selling a bicycle outside of Defendant's official payment process, keeping the proceeds of the transaction for himself. Dkt. No. 71 ¶ 2. Defendant contends it also learned that Thamar, a former employee of Defendant, allegedly participated in this same unauthorized transaction.

Id. On April 3, 2026, Plaintiffs produced to Defendant the Declaration of Thamar, dated March 25, 2026. Dkt. No. 71 ¶ 3. On April 16, 2026, Defendant sent Plaintiffs' counsel the subpoena at issue, requesting that Plaintiffs' counsel accept service of the subpoena on behalf of Thamar. Id. Plaintiffs' counsel refused, but provided Defendant with Thamar's phone number and email address. Dkt. No 71 ¶ 4. Subsequently, Defendant located what it reasonably believed to be Thamar's current residential address in the Bronx and engaged a process server to effectuate service. Dkt. No. 71-1.

The process server attempted to serve Thamar four times between April 25, 2026 and May 7, 2026 at what Defendant believed was his current residential address. Dkt. No. 71. In particular, on April 25, 2026, the Defendant's process server attempted service at 1:20 p.m. with no answer. Dkt. No. 71-2 ¶ 3. On May 5, 2026, at 10:54 a.m., the Defendant's process server again attempted service with no answer, despite the presence of a parked car. Dkt. No. 71-2 ¶ 4. Two days later, on May 7, 2026, the process server unsuccessfully attempted personal service at the same address two additional times at 7:23 p.m. and 8:17 p.m. Dkt. No. 71-2 ¶ 5-6. On May 7, 2026, Defendant's counsel also emailed Thamar, requesting that he accept service of the subpoena via email. Dkt. No. 71-3. Thamar did not respond.

## DISCUSSION

Under Rule 45, "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Delivery to the named person is meant to "ensure receipt, so that notice will be provided to the recipient, and enforcement of the

subpoena will be consistent with the requirements of due process." Med. Diagnostic Imaging, PLLC v. Care Core Nat., LLC, Nos. 06 Civ. 7764 (CS) (THK), 06 Civ. 13516 (VM) (THK), 2008 WL 3833238, at *2 (S.D.N.Y. Aug. 15, 2008) (cleaned up).  Courts in this Circuit have interpreted Rule 45's personal service requirement liberally as long as the service method provides "timely actual notice."  Sec. & Exch. Comm'n v. Pence, 322 F.R.D. 450, 454 (S.D.N.Y. 2017) (quoting Tube City IMS, LLC v. Anza Cap. Partners, No. 14 Civ. 1783 (PAE), 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014)); see also Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams., 262 F.R.D. 293, 304 (S.D.N.Y. 2009) (collecting cases).  Thus, "under appropriate circumstances," Rule 45 allows for the service of subpoenas by alternative means, including through email to known email addresses of the witness.  Pence, 322 F.R.D. at 454–55 (allowing alternative service of process for a subpoena by sending to three known email addresses of the witness).

As discussed above, the evidence submitted in support of the motion sufficiently establishes that Defendant has unsuccessfully attempted personal service on Thamar four times.  See Aristocrat Leisure Ltd., 262 F.R.D. at 304 (allowing alternative service after plaintiff showed that it attempted personal service several times); JPMorgan Chase Bank, N.A. v. IDW Group, LLC, No. 08 Civ. 9116 (PGG), 2009 WL 1313259, at *3 (S.D.N.Y. May 11, 2009) (same).  Therefore, the Court finds that the alternative service is appropriate in this case, in a manner that will provide timely actual notice to Thamar.  Accordingly, the Court finds that emailing

the subpoena to the email address provided by Plaintiffs' counsel will be deemed proper service of a subpoena on Thamar.

## CONCLUSION

For the foregoing reasons, Defendant's motion for alternative service on Thamar is **GRANTED**.

The Clerk of Court is respectfully requested to close Dkt. No. 71.

SO ORDERED.

DATED:      New York, New York
                June 11, 2026

_____
JENNIFER E. WILLIS
United States Magistrate Judge

4