**MCLAUGHLIN & STERN, LLP**
**FOUNDED 1898**

**JASON S. GIAIMO**
Partner
jgiaimo@mclaughlinstern.com
(212) 448-1100

260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 448–1100
FAX (212) 448–0066
www.mclaughlinstern.com

GARDEN CITY, NY
MILLBROOK, NY
WESTFIELD, NJ
WESTPORT, CT
WEST PALM BEACH, FL
NAPLES, FL

June 29, 2026

**VIA ECF**
Honorable Jennifer E. Willis
United States District Court
Southern District of New York
40 Foley Square, Courtroom 228
New York, NY 10007

        **Re:**   *Rosario, et al. v. My Device, Inc. d/b/a Whizz*
                 **Case No.: 24-cv-8701-LGS-JW**

Dear Judge Willis:

We represent the Defendant in the above-referenced action. We write to respectfully request that the Court issue an Order pursuant to Federal Rule of Civil Procedure 45 compelling non-party Geryolph Concepcion Thamar ("Thamar") to appear for his deposition on July 21, 2026 at 10:00 AM pursuant to the Subpoena to Testify at a Deposition in a Civil Action dated June 11, 2026 (the "Subpoena"), a copy of which is annexed hereto as **Exhibit 1**, and upon Thamar's failure to comply, striking the Declaration of Geryolph Concepcion Thamar dated March 25, 2026 (the "Declaration").

On June 11, 2026, this Court granted Defendant's motion to serve the Subpoena upon Thamar through alternative means pursuant to Rule 45 of the Federal Rules of Civil Procedure. *See* Dkt. No. 72. As the Court noted, Defendant attempted to personally serve Thamar with the Subpoena on four occasions, but was unsuccessful. *See id.* Accordingly, the Court granted Defendant's motion to serve the Subpoena using the email address for Thamar provided by Plaintiffs' counsel. *See id.*

On June 11, 2026, Defendant's counsel served the Subpoena upon Thamar via email, along with a copy of this Court's Order dated June 11, 2026. A true and correct copy of this email is annexed hereto as **Exhibit 2**. Thamar failed to respond.

As such, on June 18, 2026, Defendant's counsel again emailed Thamar, requesting that he confirm by the close of business on June 22, 2026 that he would appear on the noticed date. A true and correct copy of this email is annexed hereto as **Exhibit 3**. Again, Thamar failed to respond.

1

4923-3732-0121, v. 1

Thamar has been completely unresponsive, uncooperative, and has demonstrated a disregard for the judicial process. *See, e.g.*, *Jones v. Police Sergeant James Milana*, 2024 U.S. Dist. LEXIS 161574, at *18-19 (N.D.N.Y. Sept. 29, 2024) (holding non-party in civil contempt for failure to comply with subpoena). Given Thamar's conduct to date, it stands to reason that he will not appear for his noticed deposition.

Accordingly, Defendant respectfully requests that the Court enter an Order compelling Thamar to appear for his deposition on July 21, 2026, and upon his failure to appear, striking the Declaration. *See* Fed. R. Civ. P. 45(g) (authorizing the court to hold in contempt a person who, having been served, fails, without adequate excuse to obey the subpoena or an order related to it); *Painewebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. Nov. 27, 2022) (holding non-party in contempt for failure to comply with subpoena).

We thank the Court in advance for its time and consideration.

Respectfully submitted,

/s/ Jason S. Giaimo
Jason S. Giaimo

cc:    All Counsel of Record (via ECF)

This request is GRANTED. Mr. Thamar is ordered to appear for his deposition on July 21, 2026. Failure to appear may result in sanctions. Defendant is ordered to serve a copy of this order onto Mr. Thamar via email by July 2, 2026. SO ORDERED.

JENNIFER E. WILLIS
United States Magistrate Judge
July 1, 2026

2

4923-3732-0121, v. 1