Defendant's request to compel Mr. Thamar's deposition is GRANTED in part. The deposition will proceed virtually on a mutually agreed upon date between the parties and Mr. Thamar before **September 4, 2026**. The deposition will proceed whether or not Mr. Thamar produces documents. However, if Mr. Thamar continues to fail to comply with this discovery obligations, Defendant has leave to file a letter motion to compel. Defendant's request is otherwise DENIED. Defendant is ordered to serve a copy of this order onto Mr. Thamar via email by August 18, 2026. SO ORDERED.

JENNIFER E. WILLIS
United States Magistrate Judge
August 18, 2026

**JASON S. GIAIMO**
Partner
jgiaimo@mclaughlinstern.com
(212) 448-1100

**VIA ECF**
Honorable Jennifer E. Willis
United States District Court
Southern District of New York
40 Foley Square, Courtroom 228
New York, NY 10007

**Re:** ***Rosario, et al. v. My Device, Inc. d/b/a Whizz***
**Case No.: 24-cv-8701-LGS-JW**

Dear Judge Willis:

We represent the Defendant in the above-referenced action. We write to respectfully request that the Court issue an Order pursuant to Federal Rule of Civil Procedure 45 compelling non-party Geryolph Concepcion Thamar ("Thamar") to appear for his deposition on September 2, 2026 at 10:00 AM pursuant to the Subpoena to Testify at a Deposition in a Civil Action dated August 6, 2026 (the "Subpoena"), a copy of which is annexed hereto as **Exhibit 1**, and upon Thamar's failure to comply, striking the Declaration of Geryolph Concepcion Thamar dated March 25, 2026 (the "Declaration").

As the Court is aware, on July 1, 2026, Your Honor granted Defendant's letter motion to compel Thamar to appear for his deposition on July 21, 2026, noting that his failure to appear may result in sanctions. *See* Dkt. No. 75. Later that same day, Defendant's counsel emailed Thamar (copying Plaintiffs' counsel) attaching a copy of the Court's Order and confirming that irrespective of whether Thamar confirmed his attendance in advance of the deposition, Defendant would nevertheless proceed with his deposition as scheduled, and upon his failure to appear, seek appropriate relief. A true and correct copy of this email is annexed hereto as **Exhibit 2**.

On July 20, 2026 at 2:16PM, less than 24 hours before his scheduled deposition, Thamar emailed Defendant's counsel stating that he was not in New York City and requested that his deposition proceed by "video call." Thamar further represented that he possessed documents responsive to the Subpoena, including correspondence with Plaintiffs' counsel, but that he did not "have access to those files right now." A true and correct copy of this email is annexed hereto as **Exhibit 3**.

Given that Thamar indicated he possessed documents responsive to the Subpoena and to ensure Defendant's counsel received such documents in advance of his deposition, Defendant adjourned the deposition then scheduled for July 21, 2026. In doing so, Defendant's counsel requested that Thamar produce the responsive documents no later than July 31, 2026, and requested that Thamar provide his availability for his deposition, including identifying a number of dates Defendant's counsel was available to re-schedule Thamar's deposition. On July 27, 2026, Thamar once again represented that he was "still in the process" of locating responsive documents, and again requested that his deposition proceed virtually. Thamar did not, however, confirm his availability for any of the dates proposed by Defendant. Defendant's counsel then confirmed it would proceed with Thamar's deposition via Zoom provided that Thamar produce all responsive documents by the close of business on July 31, 2026. A true and correct copy of this email exchange is annexed hereto as **Exhibit 4**.

Thamar did not respond and did not otherwise produce any documents responsive to the Subpoena. Alarmingly, despite previously confirming that Plaintiffs' counsel does not represent Thamar, Plaintiffs have likewise not produced their correspondence with Thamar.

Accordingly, on August 3, 2026, Defendant's counsel emailed Thamar inquiring when it could expect to receive the responsive documents and Thamar's availability to be deposed in August. Thamar did not respond.

As a result, on August 6, 2026, Defendant's counsel served Thamar with the Subpoena, scheduling Thamar's deposition for September 2, 2026 at 10:00 AM via Zoom. Defendant's counsel further confirmed that if Thamar did not respond confirming his appearance by the close of business on August 7, 2026, Defendant would seek another Order to compel his attendance, and upon his failure to appear, the issuance of appropriate sanctions. A true and correct copy of this email is annexed hereto as **Exhibit 5**.

Again, Thamar did not respond. To date, he has not produced any documents responsive to the Subpoena and has not confirmed his intention to appear for his deposition on September 2, 2026. For these reasons, Defendant respectfully requests that the Court enter an Order compelling Thamar to appear for his deposition on September 2, 2026, and upon his failure to appear, striking the Declaration. *See* Fed. R. Civ. P. 45(g) (authorizing the court to hold in contempt a person who, having been served, fails, without adequate excuse to obey the subpoena or an order related to it); *Painewebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. Nov. 27, 2022) (holding non-party in contempt for failure to comply with subpoena).

We thank the Court in advance for its time and consideration.

Respectfully submitted,

*/s/ Jason S. Giaimo*
Jason S. Giaimo

cc: All Counsel of Record (via ECF)